UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-

TUREAN BUTLER,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Crim. 177 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant moves for modification of his sentence and immediate release to home confinement with a period of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Letter dated July 10, 2020 ("Compassionate Release Letter"), ECF No. 29.) The Government filed a memorandum in opposition to Defendant's motion on July 24, 2020. (Letter dated July 24, 2020 ("Gov't Opp'n"), ECF No. 33.) Defendant then filed a reply on August 3, 2020 (Letter dated August 3, 2020, ("Reply Letter"), ECF No. 34.)

    Less than six months ago, on February 12, 2020, this Court sentenced Defendant to 44 months' imprisonment, after Defendant pled guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (J. in a Crim. Case, ECF No. 25.) Defendant is currently scheduled to be released on December 11, 2021.

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to

United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant argues that the COVID-19 public health crisis, the conditions at the Metropolitan Detention Center (MDC), where he is currently being held, and his particular medical vulnerabilities warrant immediate release.

Defendant alleges that the MDC is not adequately protecting the health and safety of inmates, particularly those individuals who are at high risk of suffering severe illness from COVID-19. (Compassionate Release Letter at 6.) The Bureau of Prisons (BOP) has implemented extensive protocols and procedures in response to the current pandemic, including, but not limited to, heightened screening procedures, quarantining at-risk inmates, and distribution of masks.[1] (*See* Gov't Opp'n at 3–5.) Defendant, however, cites various third-party sources that dispute whether the MDC is adequately protecting inmates and contends that, *inter alia*, social distancing measures are not in place, inmates do not have masks, inmates are served meals by

---

[1] The Government also notes that the MDC has zero confirmed active cases of COVID-19 among inmates and one confirmed active case among the staff, though Defendant takes issue with the amount and frequency of testing done to develop these statistics.

2

other inmates without personal protective equipment and on plates stacked on top of one another, and inmates use communal items without access to sanitation supplies between uses. He also alleges that essential services have been slowed or halted to the point that he is not receiving adequate treatment for his asthma. (*See* Reply Letter at 4.) Further, the BOP, mistakenly, temporarily transferred Defendant to state custody at Rikers Island. Defendant argues that this error exposed him to grave risk of infection, in part, because he was quarantined upon his return to the MDC and "was required to shower with COVID-positive inmates while in the quarantine unit." (Compassionate Release Letter at 11.)

Defendant also alleges that he is particularly susceptible to severe, potentially deadly, complications from COVID-19. Defendant is severely obese and suffers from asthma.[2] (Compassionate Release Letter at 1, 12–13.) CDC guidance indicates that obesity places Defendant at increased risk of suffering serious complications should he contract COVID-19. See *Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020). Moreover, moderate to severe asthma is listed as a condition that "*may* increase your risk of severe illness from COVID-19," *id.* (emphasis added), though the severity of Defendant's asthma has not been confirmed. The Government concedes that, during the pandemic, Defendant's obesity presents an extraordinary and compelling reason under 18 U.S.C. § 3582(c). However, Defendant has neither tested positive for COVID-19, nor suffered any serious health emergency while incarcerated.

Even if Defendant's circumstances qualify as extraordinary and compelling reasons to

---

[2] Defendant also alleges that he has a family history of diabetes and ongoing mental health concerns, the latter of which have been aggravated by being incarcerated during this pandemic. (Compassionate Release Letter at 13.)

3

justify release, this Court must evaluate the 3553(a) sentencing factors and determine that Defendant is not a danger to safety of any person or the community before granting Defendant's motion. This analysis strongly counsels against Defendant's release. Defendant's need for medical care certainly weighs in Defendant's favor. Defendant, however, has a lengthy criminal history that began as a juvenile and includes a number of violent crimes, such as armed robbery and several acts of violence against women. (Gov't Opp'n at 2, 8.) Moreover, Defendant was arrested in the instant case after his girlfriend reported to police that he had a firearm, was refusing to leave the apartment, and attempted to physically prevent her from leaving the apartment. (*Id.* at 1.) This Court cannot conclude that Defendant is not a danger to the community. Further, the need for a significant sentence to sufficiently deter future criminal conduct has not lessened in the six months since Defendant's sentencing. To be sure, Defendant had a significantly troubled childhood and pledged to turn his life around, which, in part, led this Court to impose a sentence below the guidelines range. Still, resentencing Defendant to time served would not achieve the statutory goals of sentencing. This Court does not minimize Defendant's health risks, but concludes that Defendant has not met his burden for compassionate release just months after being sentenced, especially considering Defendant's offense and serious criminal history, and in light of the BOP's ongoing efforts to mitigate the impact of COVID-19. Defendant's request for compassionate release is DENIED.

Dated: August 12, 2020
      New York, New York

                                                SO ORDERED.

                                                GEORGE B. DANIELS
                                                United States District Judge

4