**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ x
UNITED STATES OF AMERICA,

    -against-

TUREAN BUTLER,

    Defendant.
------------------------------------ x

19 Crim. 177 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Before this Court is Defendant's motion for compassionate release. (Letter dated December 21, 2020 ("Compassionate Release Letter"), ECF No. 36.) The Government opposes Defendant's motion. (Letter dated January 11, 2021 ("Gov't Opp'n"), ECF No. 37.) Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

    This is Defendant's second such motion in a six-month period. Defendant previously moved for compassionate release on July 10, 2020, arguing that the conditions at the Metropolitan Detention Center (MDC), where he was held at the time, and his particular medical vulnerabilities warranted immediate release in light of the COVID-19 public health crisis. Defendant is severely obese and suffers from asthma, though the severity of his asthma has not been established. The Government concedes that, during the pandemic, Defendant's obesity presents an extraordinary and compelling reason for purposes of 18 U.S.C. § 3582(c). Nonetheless, this Court denied Defendant's initial motion, because the Section 3553(a) factors strongly counseled against Defendant's release. Specifically, this Court considered Defendant's lengthy criminal history and the circumstances surrounding the instant offense and concluded that the seriousness of the offense

and need to deter future unlawful conduct were significant. This Court also recognized the BOP's ongoing efforts to respond to the threat posed by COVID-19.

Defendant now renews his request for release, arguing that the BOP is unable to contain the spread of COVID-19 at the MDC and pointing to a recent spike in cases at the facility. (Compassionate Release Letter at 1–3.) Since filing his motion, Defendant has been transferred to USP Lewisburg. (Gov't Opp'n at 1 n.1.) As Defendant's allegations are limited to the conditions at the MDC, this Court is unable to determine whether his current living conditions weigh in favor of release.

To be sure, the Government still concedes that Defendant's obesity establishes an extraordinary and compelling reason under 18 U.S.C. § 3582(c). (Gov't Opp'n at 3.) The Section 3553(a) considerations, however, have not materially changed in the months since this Court first denied Defendant's motion. The BOP continues to take meaningful steps to combat the spread of COVID-19 at all of its facilities, including conducting temperature checks and COVID-19 screening for staff, inmates, and visitors. (*Id.*) Moreover, Defendant's additional six months of incarceration without a disciplinary infraction do not change this Court's view of the seriousness of his crime or the need for deterrence. Defendant's request for compassionate release is DENIED.

Dated: February 4, 2021
      New York, New York

                                          SO ORDERED.

                                          *George B. Daniels*
                                          GEORGE B. DANIELS
                                          United States District Judge